IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-75,018-01




EX PARTE ERIC LAMOND DAVIS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 08-CR-123 IN THE 349TH DISTRICT COURT
FROM HOUSTON COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to life imprisonment. The Sixth Court of Appeals affirmed his conviction. Davis v. State,
No. 06-09-00033-CR (Tex. App.–Texarkana Sep. 18, 2009). 
            Applicant raises multiple grounds, including trial court error and ineffective assistance of trial
and appellate counsel. Applicant contends that his trial counsel rendered ineffective assistance
because, inter alia, he did not convey plea bargain offers, did not have tests done to confirm whether
the decedent’s hands had gunshot residue, did not request an accomplice witness instruction, did not
call witnesses who made “beneficial statements” to the police, and did not suppress applicant’s
custodial statement. Applicant also contends that his appellate counsel rendered ineffective
assistance of counsel because, inter alia, he did not inform applicant of his right to file a pro-se
petition for discretionary review. The habeas record contains no affidavit from counsel and no
findings from the trial court. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order Applicant’s counsel to respond to Applicant’s claims of ineffective assistance of counsel. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether the performance of Applicant’s trial
attorney was deficient and, if so, whether counsel’s deficient performance prejudiced Applicant.
Specifically, the trial court shall make findings as to whether counsel conveyed all plea offers,
whether counsel had gunshot residue tests conducted on evidence gathered from the decedent’s
hands, and if not, whether counsel had a strategic reason not to have such tests conducted.
Additionally, the trial court shall make specific findings as to whether counsel was ineffective for
not requesting an accomplice witness instruction, for not calling Janice Jones and Ashley Mattern
to testify, and for not suppressing applicant’s statements to law enforcement. Finally, the trial court
shall make findings and conclusions addressing whether appellate counsel advised applicant of his
right to file a pro-se petition for discretionary review and whether counsel complied with Rule of
Appellate Procedure 48.4. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant’s claim for habeas
corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: January 12, 2011
Do not publish